UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Primerica Life Insurance Company, | ) | C/A No. 2:24-cv-04398-DCN |
| | ) | |
| *Plaintiff,* | ) | **COMPLAINT** |
| | ) | **DECLARATORY JUDGMENT** |
| Versus | ) | (***Non-Jury***) |
| | ) | (***Declaratory Judgment***) |
| Sade S. Rivers, | ) | |
| | ) | |
| *Defendant.* | ) | |

The Plaintiff, Primerica Life Insurance Company (hereinafter the "Plaintiff" and/or "Primerica"), complaining of the Defendant Sade S. Rivers (hereinafter the "Defendant"), alleges as follows:

1. Primerica is a corporation organized and existing under the laws of Tennessee with its principal place of business in Georgia. Primerica is authorized to do business and does business in South Carolina.

2. Upon information and belief, Defendant Sade S. Rivers is a resident and citizen of Berkeley County, South Carolina.

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to this action occurred in this District.

**FACTS**

5. On August 29, 2022, Primerica issued to Sade Rivers (hereinafter, the "Defendant") the subject term life insurance policy, number 0492694652 (the "Policy"), which provided, in part,

$300,000 in base coverage on the life of Hadden Andre Smith (hereinafter, the Decedent"). A copy of the Policy is attached, marked as Exhibit 1, and incorporated into this Complaint by reference.

6. At all material times, Defendant was the owner, payor and primary beneficiary of the coverage on the life of the Decedent under the Policy. Defendant also was insured under a Spouse Term Insurance Rider to the Policy.

7. The Policy was made and delivered in Berkeley County, South Carolina.

8. The Policy was based on and was issued in reliance upon information completed by the Decedent and Defendant and contained in the Application for Individual Term Life Insurance (hereinafter the "Application") dated July 22, 2022. A copy of the Application is attached, marked as Exhibit 2, and incorporated into this Complaint by reference.

9. As a part of the Application, Decedent and Defendant were required to answer a series of questions about their medical, criminal and lifestyle histories.

10. Primerica relied on those answers in deciding whether and on what terms to insure the life of the Decedent under the Policy, as requested in the Application.

11. In the Application, Decedent and Defendant failed to disclose the Decedent's pre-application criminal history that, upon information and belief, was known to Decedent and Defendant prior to their application for the Policy.

12. In response to and in reliance upon the representations in the Application submitted by Decedent and Defendant, Primerica issued the Policy, insuring, among others, the life of Decedent.

13. Decedent died on April 8, 2023, as a result of multiple gunshot wounds. A copy of Decedent's death certificate is attached, marked as <u>Exhibit 3</u>, and incorporated into this Complaint by reference.

14. On April 24, 2023, Primerica received a Claimant's Statement from Defendant by which she sought to be paid the $300,000 death benefit on the life of the Decedent (the "Benefit") under the Policy. A copy of Defendant's Claimant's Statement is attached, marked as <u>Exhibit 4</u>, and incorporated into this Complaint by reference.

15. Because Decedent's death occurred within two years of the issuance of the Policy, Primerica conducted a routine and customary contestable claim investigation.

16. As a part of its contestable claim investigation, Primerica obtained and reviewed the Decedent's criminal records.

17. In connection with Primerica's contestable claim investigation, Primerica learned from the Decedent's criminal records that he had pled guilty to the following felonies that pre-dated the Application: possession with intent to distribute cocaine and marijuana; carrying a firearm in furtherance of drug trafficking; and conspiracy to launder money.

18. By letter dated September 26, 2023, Primerica denied Defendant's claim. A copy of the denial letter is attached, marked as <u>Exhibit 5</u>, and incorporated into this Complaint by reference.

19. The basis for Primerica's denial were various false representations made by Decedent and Defendant on the Application including, but not limited to, the failure to disclose the Decedent's prior felony convictions.

20. On the Application, Decedent and Defendant represented that all statements and answers provided were full, complete and true to the best of their knowledge and belief.

3

21. The answers Decedent and Defendant provided were, in fact, neither true nor complete.

22. With regard to the representations made by Decedent and Defendant on the Application:

    a) Decedent and Defendant knew the representations were false;

    b) The representations were material to the risk insured;

    c) Decedent and Defendant made the representations with the intent that Primerica rely upon them;

    d) Primerica did in fact rely on the representations;

    e) Primerica was ignorant of the falsity of the representations;

    f) Had the facts regarding Decedent's criminal history of possession with intent to distribute cocaine and marijuana, carrying a firearm in furtherance of drug trafficking, and conspiracy to launder money been truthfully stated in the Application, the Decedent would not have qualified for coverage and Primerica would have declined to insure his life under the Policy.

### FOR A FIRST CAUSE OF ACTION
**(Equitable Fraud)**

23. Each of the foregoing paragraphs is re-alleged as if fully repeated verbatim herein.

24. Primerica is entitled to a rescission of the Policy, because the above-referenced misrepresentations, even if unintentional, constitute an equitable fraud against Primerica and are grounds for rescission of the coverage on the life of the Decedent under the Policy pursuant to controlling South Carolina law.

### FOR A SECOND CAUSE OF ACTION
**(Declaratory Judgment)**

25. Each of the foregoing paragraphs is re-alleged as if fully repeated verbatim herein.

26. Pursuant to the material misrepresentations made in the Application, Primerica is entitled to a declaration from this Court that it has no obligation whatsoever under the Policy to Defendant, or any other individual.

25. Pursuant to § 15-53-10, et seq., of the South Carolina Code of Laws, Primerica is entitled to a declaration from this Court that it has no obligation to the Defendant, or to any other person under the Policy.

WHEREFORE, the Plaintiff, Primerica Life Insurance Company, prays that this Court rescind the Policy and declare that the Plaintiff has no obligation to the Defendant, Sade S. Rivers, or to any other person under the Policy.

> HOOD LAW FIRM, LLC
> 172 Meeting Street
> Post Office Box 1508
> Charleston, SC  29402
> Phone: (843) 577-4435
> Facsimile: (843) 722-1630
> Email: info@hoodlaw.com
>
> **s/ James B. Hood**
> James B. Hood (9130)
> james.hood@hoodlaw.com
> Richard H. Kirkland (14139)
> hill.kirkland@hoodlaw.com
>
> *Attorney for the Plaintiff*
> *Primerica Life Insurance Company*

**August 13, 2024**
Charleston, South Carolina

5